[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14069
Non-Argument Calendar

_____

D. C. Docket No. 03-00152-CR-T-30-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY A. DAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 2, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Timothy A. Day, a federal prisoner, appeals <u>pro se</u> the denial of his motion

for recusal, see 28 U.S.C. § 455(a), that he filed in anticipation of future motions he might file, such as a motion to vacate, set aside, or correct his sentence, see id. § 2255. On April 15, 2005, we affirmed Day's conviction and sentence for mail fraud and conspiracy to commit mail fraud. On June 2, 2006, Day filed with the district court his motion for recusal in which he sought, in substance, that the district court recuse itself pursuant to section 455(a). The district court denied the motion on June 27, 2006. On August 23, 2006, Day filed with the district court a motion to vacate, set aside, or correct his sentence. Because Day filed his motion for recusal when the district court did not have a controversy before it, we conclude that the district court lacked jurisdiction to consider the motion. We vacate the order of the district court and remand with instructions to dismiss.

We review de novo whether the district court had jurisdiction. Bishop v. Reno, 210 F.3d 1295, 1298 (11th Cir. 2000). "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 757 (1982). To meet this requirement, a party must have standing. Id. at 471, 102 S. Ct. at 758. In this appeal, "the standing question . . . is whether the . . . statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's

position a right to judicial relief." Warth v. Seldin, 422 U.S. 490, 500, 95 S. Ct. 2197, 2206 (1975).

Section 455(a) requires a judge of the United States to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (emphasis added). The statute defines "proceeding" to include "pretrial, trial, appellate review, or other stages of litigation." Id. § 455(d)(1). This definition "implies the judge's participation in decisions affecting the substantive rights of litigants to an actual case or controversy." United States v. Sciarra, 851 F.2d 621, 635 (3d Cir. 1988). "[S]ection 455 confers a right upon [a] litigant to seek recusal . . . . during . . . phases of the litigation." Id.

Day filed his motion for recusal after the criminal prosecution against him had concluded and been affirmed, but before he filed any motion to commence a collateral attack on his sentence. Day requested that the district court recuse itself from consideration of future motions that he might, or might not, file. Because there was no pending action before the district court in which Day's rights were at issue, Day did not have standing to seek recusal under section 455(a), and the district court did not have jurisdiction to consider Day's motion. See Sciarra, 851 F.2d at 636 (holding that petitioners had no standing to invoke section 455 when there was no pending action before the district court).

3

The order of the district court is **VACATED**, and this matter is

**REMANDED** with instructions to dismiss.