IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-60678
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MACK ARTHUR BOWENS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
Case No. 2:00-CR-94-2

Before JOLLY, CLEMENT and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Mack Arthur Bowens was convicted of various cocaine offenses and sentenced to forty years in prison with five years of supervised release. On direct appeal of his conviction and sentence, the United States Supreme Court vacated the judgment and remanded to this court for consideration of sentencing issues under United States v. Booker, 543 U.S. 220 (2005). This court then remanded to the district court for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Upon remand, the district court imposed the same sentence and supervised release term by amended judgment dated April 23, 2007. No direct appeal of the district court's judgment has been taken, and the time for such appeal has passed. Fed. R. App. P. 4(b). On July 2, 2007, Appellant moved to recuse the trial judge, Judge Pepper. Appellant's requested relief was that Judge Pepper recuse himself "from presiding or making a determination to [sic] Bowens' soon to be file[d] 2255 Motion."[1] That motion was denied on August 15, 2007. This appeal was then taken from that order. Because we conclude that the district judge lacked jurisdiction to pass upon the merits of the recusal motion, we similarly lack jurisdiction to decide its merits. As a result, the district court order must be vacated, and this appeal dismissed.

At the time Appellant filed the recusal motion, no matters were pending before Judge Pepper. As to the trial, sentencing and criminal judgment, the motion to recuse is untimely because it is too late. As to the contemplated section 2255 motion, the motion to recuse is untimely because it is too early. Either way, the trial court lacked jurisdiction to hear the motion. Both recusal statutes require a "proceeding" pending before the judge sought to be recused. 28 U.S.C. §§ 144, 455. The term "proceeding" implies "the judge's participation in decisions affecting the substantive rights of the litigants to an actual case or controversy." United States v. Sciarra, 851 F.2d 621, 635 (3d Cir. 1988). No proceeding was pending before Judge Pepper at the time of this motion. See United States v. Day, 215 F. App'x 975 (11th Cir. 2007)(holding that the district judge lacked power to hear a motion to recuse filed after judgment but before a habeas petition was filed).

Because the district court lacked jurisdiction to decide the merits of the motion to recuse, we lack jurisdiction to review the merits, if any. The

---

[1] Presumably, this reference is to a petition for habeas relief under 28 U.S.C. §2255.

appropriate disposition of this appeal, then, is to vacate the district court's order and dismiss the appeal. Scruggs v. Lowman, 392 F.3d 124, 129 (5th Cir. 2004); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). We express no opinion about the merits of such a motion should a subsequent proceeding involving this Appellant and this judge arise, but we caution counsel to recall his ethical obligations not to file or perpetuate frivolous motions.

Accordingly, the district court's order denying the motion to recuse is VACATED for want of jurisdiction, and this appeal is DISMISSED.