**In re TIMCO, LLC, Debtor.**

**Timco, LLC, Appellant,**

v.

**T & M Sales Agency, Inc., Appellee.**

**Civil Case Nos. 11–CV–12125, 11–CV–12126.**

United States District Court, E.D. Michigan, Southern Division.

March 9, 2012.

Sheldon S. Toll, Sheldon S. Toll Assoc., Southfield, MI, for Appellant.

Robert A. Peurach, Dakmak Peurach, Detroit, MI, for Appellee.

## OPINION AND ORDER GRANTING TIMCO'S MOTIONS TO DISMISS

MARK A. GOLDSMITH, District Judge.

### I. Introduction

Before the Court are Appellee's motions to dismiss the two pending appeals from bankruptcy court orders (filed here as Case No. 11–12125 and Case No. 11–12126), on the grounds of constitutional mootness. For the reasons below, the Court grants the motions.

### II. Factual and Procedural Background

The parties are in agreement about the relevant facts of the appeals at issue. In June 2008, Appellee T & M Sales Agency, Inc. (T & M), filed suit in Oakland County Circuit Court against Debtor–Appellant Timco, LLC, seeking over $1 million for unpaid commissions. Prior to trial, T & M and Timco entered into a stipulation in which the parties agreed to submit T & M's claims against Timco to binding arbitration. Stipulation (Dkt. 6–2). The stipulation provided that any award entered in arbitration was to be a final award, which would be confirmed by the Oakland County Circuit Court, and would be binding on the parties and not appealable. *Id.* at 4. The stipulation was approved by the court and filed. Order of 4/23/09 (Dkt. 6–3).

The arbitration was conducted and on February 3, 2011, the parties were notified by letter that the arbitrators had agreed upon an arbitration award. Letter of 2/3/11 (Dkt. 6–4). The result was $930,000 awarded to T & M. Arbitration award at 3 (Dkt. 6–5). Before the arbitration award was confirmed by the Oakland County court, Timco initiated a Chapter 7 bankruptcy proceeding on February 22, 2011.[1]

The bankruptcy filing triggered an automatic stay in the Oakland County suit, pursuant to 11 U.S.C. § 362(a). T & M filed a motion for relief from the stay in the United States Bankruptcy Court for the Eastern District of Michigan on March 21, 2011, requesting that the court modify the stay to permit the continuation of the Oakland County suit so that the state court could issue a final judgment confirming the arbitration award. *See* Second Amended Designation of Record in Case

---

1. The arbitration award was not dated. However, T & M maintains (without challenge by Timco) that, on February 23, 2011, the Oak-

land County judge notified the parties that the arbitration award had been delivered to that court.

No. 11–12125 (Dkt. 21 in Bankruptcy Court No. 11–44445).

Prior to the hearing on the motion for relief from stay, however, Timco filed, on March 30, 2011, a notice of removal of the Oakland County suit to the Bankruptcy Court. *See* Second Amended Designation of Record in Case No. 11–12126 (Dkt. 1 in Bankruptcy Court No. 11–05170). In response, T & M filed a motion to remand the case to Oakland County Circuit Court. *See* Second Amended Designation of Record in Case No. 11–12126 (Dkt. 5 in Bankruptcy Court No. 11–05170).

On May 10, 2011 the Bankruptcy Court held a hearing on both the motion for relief from stay and the motion to remand. On the same day, the court entered orders granting both motions. Order of 5/10/11 regarding stay (Dkt. 6–6); Order of 5/10/11 regarding remand (Dkt. 6–7). Timco appealed both orders to this Court. Timco's appeal of the order granting relief from the stay is Case No. 11–12125; Timco's appeal of the order granting remand is Case No. 11–12126. Timco did not request a stay of either of the Bankruptcy Court's orders pending the outcome of the instant appeals.

On June 15, 2011, the Oakland County Circuit Court confirmed the Arbitration Award and entered judgment against Timco in the amount of $930,000. Timco did not appeal.[2]

In August 2011 T & M filed two practically identical motions to dismiss in the two pending bankruptcy appeals in this Court.[3] Timco responded, and the Court held a hearing on the motions on October 19, 2011.

## III. Discussion

### A. Parties' Arguments

T & M contends that dismissal is appropriate because the appeals before the Court are "constitutionally moot." T & M argues that there is no longer a live controversy between it and Timco because the underlying controversy was resolved when the Oakland County Circuit Court confirmed the arbitration award against Timco and entered it. Motion at 10. T & M further contends that because the order confirming the arbitration award is final, the resolution of the controversy between the parties is final. *Id.*

Timco contends that a live controversy exists because this Court could fashion some form of equitable relief. Response to Motion at 3 (Dkt. 11). Timco further argues that the bankruptcy court order granting relief from the stay was "erroneous," and suggests that this Court set aside that order, and enter an order voiding the state court judgment for violation of the automatic stay. *Id.* at 3–4.

### B. Analysis

▆▆▆ "Article III, Section 2 of the United States Constitution authorizes the federal judiciary only to hear cases or controversies, and therefore federal courts may not exercise jurisdiction when the controversy has been mooted, that is to say, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Gentry v. Deuth,* 456 F.3d 687, 693 (6th Cir. 2006) (internal quotation marks and citations omitted). A claim becomes moot only "when the plaintiff receives the relief sought or when it is factually, not legally, impossible to receive such relief." *In re*

---

**2.** With regard to the state court order, T & M asserts in its motion that "Timco did not appeal the Judgment and it has now become final pursuant to MCR 7.204." Motion at 9. Timco does not dispute this point.

**3.** The sole difference between the motion filed in 11–12125 and the motion filed in 11–12126 mirrors the slight difference in the caption between the two appeals.

*DSC, Ltd.,* 486 F.3d 940, 945 (6th Cir. 2007). The burden to demonstrate mootness is on the party arguing that the matter is moot. *Id.* at 946.

■ In light of these principles, the Court concludes that the current appeals are moot. The purpose for which T & M sought to lift the stay and remand to state court was for entry of a judgment by the state court. That has now occurred. Thus, whether the bankruptcy court erred in lifting the stay and remanding the case back to the state court is of no legal consequence.

This conclusion is supported by a published per curiam case in the Fifth Circuit, *In re Scruggs,* 392 F.3d 124 (5th Cir.2004), which addressed our issue in a procedurally more complicated backdrop. In *Scruggs,* the genesis of the ultimate mootness ruling was a divorce settlement agreement providing for a waiver of the wife's interest in the husband's pension. Shortly before his death, the former husband sought enforcement of the agreement in a Florida state court, but a bankruptcy filing by the former wife (and her new husband) in Texas triggered an automatic stay of the of the Florida enforcement action. The former husband's personal representative sought and was granted relief from the automatic stay in bankruptcy court. The bankruptcy court granted relief from the stay "to allow the Florida state court enforcement action to proceed to final judgment." The debtors timely

appealed the order to federal district court. *Id.* at 127. While the appeal was pending, the estate representative filed a motion for final judgment in the Florida proceeding.[4] The state court issued a "final judgment" on November 2, 2002. There was no appeal, and the judgment became "final and no longer appealable" a month later on December 2, 2002. In August 2003, the federal district court reversed the bankruptcy court, and ordered that the automatic stay be reinstated. In September 2003, the estate representative appealed the district court order to the Fifth Circuit, where the debtors filed a motion to dismiss the appeal as moot. *Id.* at 127. The Fifth Circuit agreed with the debtors, reasoning that the matter became moot when the state court judgment became final:

> When that state court judgment became final and no longer appealable on December 2, 2002, at a time when the automatic stay remained lifted for the limited purpose of letting that happen, the Article III case or controversy in the federal courts ceased to exist. Consequently, anything that the Bankruptcy Court or the district court purported to do with regard to that judgment after December 2, 2002 was moot for lack of a live controversy.

*Id.* at 129. Accordingly, the district court's subsequent order purporting to reverse the bankruptcy court and reinstate the automatic stay was void ab initio for lack of jurisdiction. *Id.* at 130.[5]

---

4. At this point, the debtors requested that the Bankruptcy Court order granting relief from the automatic stay be stayed itself; the motion was later denied. *Id.* at 127.

5. It is worth noting that *Scruggs* remains good law and has been referenced in bankruptcy-law publications. *See* 3 Bankruptcy Desk Guide § 37.17, n.24 and accompanying text (explaining the circumstances under which an appeal from an automatic stay is or is not moot: "[a]n appeal of an order lifting

the automatic stay is also moot where the stay was lifted to allow a state court property settlement enforcement action to proceed, it proceeded to judgment, and time to appeal that judgment had passed"); Hon. Nancy C. Dreher, Bankruptcy Law Manual § 2:50, n.34 and accompanying text (5th ed. 2011) ("an appeal in bankruptcy may be rendered moot by events which occur subsequent to the filing of the notice of appeal, even if effective relief may be granted").

Timco offers several reasons this Court should not follow *Scruggs;* however, none is convincing. First, Timco notes that the Fifth Circuit decision is non-binding. *Scruggs* is, of course, not binding precedent on this Court; however, its persuasive value is significant, given its citation in broader bankruptcy publications and its factual similarity to the instant case. Second, Timco distinguishes *Scruggs* by arguing that both parties in *Scruggs* agreed that the case was moot. While this is technically true, the debtors' position in *Scruggs* was that mootness did not occur until after the events described above, when in December 2003 they were discharged in bankruptcy and the automatic stay would have been automatically dissolved pursuant to statute. *Id.* at 127–28. Thus, the debtors had vigorously opposed the result that the court eventually reached—that the matter was moot with the finality of the state court judgment. Third, Timco distinguishes *Scruggs* by arguing that *Scruggs* "involved a bankruptcy court order granting relief from the stay of divorce proceedings, in which federal courts are loath to become involved." Response at 5. While it is true that the state matter in *Scruggs* was related to the decedent's divorce, this is a distinction without a difference. Nothing in the *Scruggs* decision indicates that the subject matter of the state court proceedings was significant. Fourth, Timco states that "*Scruggs* did not involve, as this appeal does, the remand from the bankruptcy court of a removed action from state court, which remand [Timco] appealed asserting that it is erroneous." *Id.* Although Timco is correct as a factual matter, Timco does not explain (and the Court does not see) the significance of this difference to the mootness question. Fifth, Timco implies that the Sixth Circuit would not have taken the same action if it were presented with *Scruggs* because while "*Scruggs* placed great emphasis on the fact that the state

court judgment became final and unappealable ... to the contrary, the Sixth Circuit has not hesitated to apply bankruptcy code injunctive provisions to a state court judgment that was final and unappealable." However, the single case that Timco cites for the proposition—*In re Hamilton,* 540 F.3d 367 (6th Cir.2008) did not concern a mootness question at all. Rather, the *Hamilton* court had before it the question of whether a state-court judgment that modified a discharge in bankruptcy was void ab initio. The court determined that such a judgment was void ab initio and that the *Rooker–Feldman* doctrine would not bar federal-court jurisdiction over the debtor's complaint. It is not at all clear how the *Hamilton* decision would relate to a question of mootness in the factual context present here.

█ Finally, Timco seems to raise an indirect argument against *Scruggs* by citing *In re Federated Department Stores, Inc.,* 44 F.3d 1310 (6th Cir.1995) as an example of a case where the losing party did not obtain a stay pending the appeal of bankruptcy court orders against it, yet the eventual appeal of those orders was not moot. *Federated* is not that useful as an independent argument. To the extent that Timco means for *Federated* to stand for the proposition that the failure to obtain a stay pending appeal will not always result in mooting the appeal of the orders in question, such a proposition is uncontroversial. T & M does not argue otherwise. And, the law is clear that "[i]f the appellant does not obtain a stay pending appeal, then the appeal may be constitutionally or equitably moot." Bankruptcy Law Manual § 2:50 (emphasis added).

To the extent that Timco might argue that *Federated* stands for the proposition that the failure to obtain a stay does not mean the instant appeal is moot—on the theory that T & M knew the order was

subject to reversal on appeal and should not be relied on—such a conclusion is not warranted. In *Federated,* the court rejected the claim of the Defendant–Appellee Lehman Brothers that equity required dismissal of the appeal of the bankruptcy court order authorizing the retention of a financial advisor because Lehman had provided services in reliance on the bankruptcy court's presumptively valid approval. 44 F.3d at 1317. In rejecting Lehman Brothers' argument, the court concluded that "[f]rom the outset, Lehman Brothers knew the Trustee objected to its appointment and it elected to continue providing services to the estate knowing that the retention order would be reviewed de novo on appeal and would be subject to reversal. Thus the Trustee's failure to seek or obtain a stay of the bankruptcy proceeding does not moot this appeal." *Id.* The court's pronouncement makes clear that it was conducting an *equitable* mootness analysis. In contrast, the instant case presents—as T & M explicitly claims—a constitutional mootness claim. Although T & M notes that Timco did not bother to stay the bankruptcy court order against it, that is not the basis of its mootness claim. Thus, the *Federated* decision does not change this Court's analysis.

For the above reasons, Timco presents no reason not to apply the rationale employed in *Scruggs* to the instant case.

Further, Timco's other arguments are meritless. Timco's contention that a live controversy exists because this Court could fashion some form of equitable relief is incorrect. The only example of relief that Timco offers is voiding the state court judgment for violation of the automatic stay. However, the state court did not violate the automatic stay as it acted only after the bankruptcy court had lifted the stay. Importantly, none of the cases that Timco cites in support of this argument involves the state court acting after the bankruptcy court had lifted the stay.[6]

Timco's claim that the state court judgment is invalid because the stay was erroneously lifted is also rejected. As the Court has already concluded, Timco's challenge to the order lifting the stay is moot. Timco cites no authority in support of its claim that addresses the circumstances of this case. Rather, Timco cites several cases for the uncontroversial proposition that state court judgments issued in violation of an automatic bankruptcy stay are void. Again, here, the stay was lifted when the state court acted.

## IV. Conclusion

For the foregoing reasons, T & M's motions to dismiss (Dkt. 6 in 11–12125 and Dkt. 6 in 11–12126) are granted. The appeals are dismissed as moot.

SO ORDERED.

---

**6.** Timco does not argue that equitable relief in the form of preventing collection on the judgment demonstrates a lack of mootness, nor would such an argument have merit. The issue in these appeals is whether any relief is available with respect to the orders lifting the stay and remanding the state case to state court for entry of a judgment. Whatever equitable relief the bankruptcy court may have to stay collection of the judgment does not bear on whether appellate review of the bankruptcy court orders is moot.