**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0063n.06

**Nos. 12-1406/12-1407**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: TIMCO, LLC, | ) | |
| | ) | **FILED**<br>*Jan 15, 2013*<br>DEBORAH S. HUNT, Clerk |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| TIMCO, LLC, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Appellant, | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| v. | ) | |
| | ) | |
| T AND M SALES AGENCY, INC., | ) | |
| | ) | |
| Appellee. | ) | |

Before: GUY, SUTTON and COOK, Circuit Judges.

SUTTON, Circuit Judge. Timco and T&M could not agree how much Timco owed T&M in sales commissions. The disagreement led to an arbitration, which led to a $930,000 arbitration award for T&M. T&M's victory looked pyrrhic when Timco promptly filed a bankruptcy petition. T&M's victory became less pyrrhic when the bankruptcy court lifted the automatic stay to allow a Michigan court to confirm the award, which it did.

Timco appealed the bankruptcy court's decisions (1) to remand the case to state court and (2) to lift the automatic stay. The district court concluded that it lacked jurisdiction to consider either

decision. We see a similar problem—an absence of statutory authority to consider the first decision and an absence of Article III authority to review the second one.

I.

Timco bought the assets of Riverfront, an insolvent company in receivership. Timco thought it made the purchase free and clear. But when T&M sued Timco in Oakland County Circuit Court for unpaid sales commissions, it learned that this might not be the case. The parties stipulated to binding arbitration, and an arbitration panel awarded $930,000 to T&M.

Timco filed a Chapter 7 bankruptcy petition, which automatically stayed the state court lawsuit and any others against Timco or its property. 11 U.S.C. § 362(a). T&M asked the bankruptcy court for relief from the stay to allow the state court to enter judgment and to confirm the arbitration award. Timco opposed the motion and removed the state court proceeding to the bankruptcy court. T&M filed a motion to remand.

The bankruptcy court held a hearing on both motions, after which it granted each of them. The court remanded the case to state court because it thought it lacked jurisdiction over the state law claims. *See* 28 U.S.C. §§ 1334(c)(2), 1452(b). And it granted relief from the stay to allow T&M to confirm the arbitration award in state court. Timco appealed both aspects of the bankruptcy court's decision to the district court. But it did not ask for a stay of either order pending the appeal to the district court.

While the appeals lay pending in the district court, the state court approved the arbitration award and entered a judgment to that effect. T&M then asked the district court to dismiss the appeals, arguing that both were moot. The district court agreed.

II.

Timco continues to challenge both of the bankruptcy court's decisions—its decision to remand the arbitration case to the state court and its decision to lift the automatic stay—and submits that the district court should not have determined that they were moot.

*The remand.* We lack authority to review the first decision, though for a different jurisdictional reason from the one the district court gave. Congress gave the federal courts "jurisdiction of all civil proceedings . . . arising in or related to cases under" the Bankruptcy Code. 28 U.S.C. § 1334(b). But there are exceptions, one of which says: "[I]f an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction," if the action is non-core and if no basis for jurisdiction other than § 1334(b) exists, the bankruptcy court "shall abstain from hearing" it. 28 U.S.C. § 1334(c)(2). If the bankruptcy court abstains on this ground, that decision "is not reviewable . . . by the court of appeals." *Id.* § 1334(d); *see Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 582 (2d Cir. 2011).

In this instance, the bankruptcy court reasoned that the mandatory-abstention requirement compelled it to remand the arbitration enforcement action to state court. *T & M Sales Agency, Inc. v. Timco, LLC*, No. 11-4446, ECF No. 59 at 9 (Bankr. E.D. Mich. 2011). Section 1334(d) precludes

us from second guessing that decision. *See also* 28 U.S.C. § 1452(b); *Boone Coal and Timber Co. v. Polan*, 787 F.2d 1056, 1061 (6th Cir. 1986). That is all there is to it.

*Automatic stay*. The bankruptcy court also granted relief from the automatic stay. No statute blocks our review of that issue, as the above provisions do not "limit the applicability of the stay." 28 U.S.C. § 1334(d); *see In re Conejo Enters.*, 96 F.3d 346, 352 (9th Cir. 1996); *Pursifull v. Eakin*, 814 F.2d 1501, 1505 (10th Cir. 1987). But Article III does. If events arising during an appeal "make[] it impossible for the court to grant any effectual relief," that spells the end of the case or controversy that Article III requires. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). Just that possibility happened here. Once the Michigan state court entered a valid order confirming the arbitration award, any debate about lifting the stay became purely academic. The confirmation order eliminated any ongoing proceeding for the district court, or for us, to stay.

Timco claims we could erase the state court's order (or tell T&M not to rely on it, which comes to the same end). We have no such power, however. Yes, bankruptcy courts may void actions taken by state courts that violate the automatic stay. *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 385 (6th Cir. 2001). But once the bankruptcy court lifted the stay, the state court was free to act. A later determination by us that the bankruptcy court erroneously granted relief would not retract the express permission the state court received at the time to go forward. Otherwise, lifting an automatic stay would be illusory whenever an appeal followed, since no sensible state court would waste its resources on litigation that the district court, the court of appeals or even the Supreme Court later could undo. When a state court permissibly enters an order in the absence of

a stay, we must respect that order. And when a state court finishes its proceedings while an appeal challenging relief from the automatic stay is pending, that appeal becomes moot. "[T]he district court," in the words of the Fifth Circuit, "no longer had jurisdiction to entertain Debtors' appeal from the Bankruptcy Court's order [lifting the stay] once the [state court] judgment became final." *In re Scruggs*, 392 F.3d 124, 129 (5th Cir. 2004). "To hold otherwise," in the words of the Third Circuit, "would allow the district court to nullify retroactively a validly entered state court judgment, thereby emasculating the fundamental doctrines of federalism and comity." *In re Highway Truck Drivers & Helpers Local Union #107*, 888 F.2d 293, 299 (3d Cir. 1989).

This approach does not leave Timco or anyone else in its position without recourse. Timco remained free to seek a stay of the bankruptcy court's rulings during the appeal. Bankruptcy law indeed requires stays pending appeal in many settings. If, for example, a bankruptcy court grants relief from an automatic stay so that a trustee can sell property, and if the debtor does not get a stay pending appeal, the sale may moot the appeal. 11 U.S.C. § 363(m); *see In re Made in Detroit, Inc.*, 414 F.3d 576, 581 (6th Cir. 2005); *see also* 11 U.S.C. § 364(e) (mooting appeals from orders approving post-petition financing in absence of stay). Or if, for another example, a bankruptcy court confirms a reorganization plan, an appeal may be treated as moot in the absence of a stay. *See In re United Producers, Inc.*, 526 F.3d 942, 947–48 (6th Cir. 2008). Nor is bankruptcy law the only area in which parties must seek a stay pending appeal to prevent the case from becoming moot. *See, e.g.*, *Brown v. City of Upper Arlington*, 637 F.3d 668, 673–74 (6th Cir. 2011) (holding that a challenge

to a city's decision to remove a tree became moot during appeal when the trial court's decision allowed the city to act and when the plaintiff did not seek, or obtain, a stay of the decision).

Timco acknowledges as much. It agrees that it could have asked for a stay pending appeal but insists it had no such obligation. Why, however, is never explained.

The featured case cited in this section of Timco's papers is *In re Federated Dep't Stores, Inc.*, 44 F.3d 1310 (6th Cir. 1995). A bankruptcy court appointed Lehman Brothers to give the debtor financial advice even though Lehman, according to the trustee, had a conflict of interest. While the trustee's challenge to the appointment was on appeal, Lehman did its job. Lehman sought fees for the work, and the bankruptcy court granted them. On appeal, we reversed *that* award, and in doing so we determined that the bankruptcy court should not have appointed Lehman in the first place. Even though Lehman finished the job, and even though the trustee did not obtain a stay pending appeal, the appointment decision was not moot due to the "collateral consequences" for the compensation award. *Id.* at 1317.

The analogy to this case does not hold. *Federated* did not require us to vacate a state court judgment that violated no federal court order. It merely involved a direct appeal of a bankruptcy court order, which in view of the pending fees request remained an eminently live dispute. Nothing comparable happened here.

III.

For these reasons, we affirm.