# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2013

No. 12-41187

Lyle W. Cayce
Clerk

BRADLEY KOENNING; BRIAN MARTIN; MORGAN RYALS,

Plaintiffs - Appellees,

v.

KYLE JANEK, in his official capacity as Executive Commissioner, Texas
Health and Human Services Commission,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:11–CV–6

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The events that led Bradley Koenning, Brian Martin, and Morgan Ryals
(collectively, "Plaintiffs") to file this lawsuit are familiar to the parties and we
need not review them here. Our disposition of this appeal turns on events that
occurred *after* the district court entered summary judgment for Plaintiffs.

In a September 2012 memorandum opinion and order, the district court
concluded that federal law preempts a Texas Medicaid policy that excludes
power wheelchairs with integrated standing features (commonly known as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-41187

"mobile standers") from coverage. The district court's opinion also enjoined the Texas Health and Human Services Commission ("THHSC") from continuing to enforce the exclusion policy and remanded the case to the Texas Medicaid and Healthcare Partnership ("TMHP") for a determination regarding Plaintiffs' medical need for a mobile stander. Shortly after filing its opinion, the district court entered a judgment, stating that "the decisions of [TMHP] and [THHSC] are REVERSED, and this case is REMANDED to [TMHP] for further action."

About six months after the district court entered its judgment, Koenning and Ryals received the mobile standers they sought. Both parties concede that Koenning and Ryals's receipt of the mobile standers renders their claims moot.

Although the parties contend otherwise, we also conclude that Martin's claims are moot. In July 2013, TMHP (acting on behalf of THHSC) denied Martin's request for a mobile stander. TMHP observed that "[t]he papers [Martin] sent in did not show why a [mobile stander] was medically needed for [him]" and explained that Martin could submit additional documents to further support his request. Martin has a right to challenge this denial through the state's administrative process, including, if necessary, an appeal to the state courts. *See* Tex. Gov't Code § 531.019; 1 Tex. Admin. Code § 357.703(c). Based on these developments, Martin's claims, which presume a medical need for a mobile stander, no longer present a live case or controversy against THHSC. *See Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013) ("Mootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." (citations omitted)); *see also Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006) ("[A]ny set of circumstances that eliminates actual controversy

2

No. 12-41187

after the commencement of a lawsuit renders that action moot."). Accordingly, we DISMISS all of Plaintiffs' claims as moot. *See Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008) ("If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." (citing *In re Scruggs,* 392 F.3d 124, 128 (5th Cir. 2004)).

We also VACATE the district court's opinion and judgment. This is not a case in which the party that lost in the district court is attempting to evade the district court's decision by using its voluntary actions to moot the prevailing parties' claims. *Cf. U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24 (1994) ("The principal condition to which [courts] look[] [in deciding whether to vacate] is whether the party seeking relief from the judgment below caused the mootness by voluntary action."). To the contrary, THHSC maintains that Martin's claims are not moot and continues to urge us to reach the merits. Moreover, as both parties acknowledge, the district court's opinion and judgment contain meaningful errors. For example, the district court opinion incorrectly states that Texas law does not provide for state court review of adverse administrative hearing decisions.[1] The district court opinion and judgment also purport to "remand" the case to a non-state, non-party entity (namely, THMP); however, the parties agree that such a remand is improper. Finally, although the district court opinion orders declaratory and injunctive relief, its judgment

---

[1] *Compare Koenning v. Suehs*, 897 F. Supp. 2d 528, 555 (S.D. Tex. 2012) ("In Texas . . . there is no statutory procedure for judicial review of individual Medicaid eligibility decisions."), *with* 1 Tex. Admin. Code § 357.703(c) ("If the . . . final decision in the administrative review is adverse to the appellant, judicial review may be obtained by filing for review with a district court in Travis County . . . .").

3

No. 12-41187

does not.  Thus, uncertainty exists about the relief that is in effect.[2]  For these reasons, we conclude that the public interest supports vacating the district court's opinion and judgment.  *See id.* at 27 (recognizing that a court generally should not vacate a judicial precedent "unless [it] concludes that the public interest would be served by a vacatur" (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J., dissenting))).

VACATED and DISMISSED AS MOOT.

---

[2] *Cf. Bates v. Johnson*, 901 F.2d 1424, 1428 (7th Cir. 1990) ("When a judge does not record an injunction or declaratory judgment on a separate document, the defendant is under no judicial compulsion. . . .  [I]f the opinion contains language awarding declaratory relief [or an injunction], but the judgment does not, the opinion has been reduced to dictum; only the judgment need be obeyed." (second alteration in original) (internal quotation marks omitted)).