NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TARGET TRAINING INTERNATIONAL, LTD.,**
*Plaintiff-Appellant*

**v.**

**EXTENDED DISC NORTH AMERICA, INC.,**
*Defendant-Appellee*

---

2015-1873, 2015-1908

---

Appeals from the United States District Court for the Southern District of Texas in No. 4:10-cv-03350, Judge Gray H. Miller.

---

Decided: April 22, 2016

---

CHRISTINE MARIE LEBRON-DYKEMAN, McKee, Voorhees & Sease, P.L.C., Des Moines, IA, argued for plaintiff-appellant. Also represented by EDMUND J. SEASE, ROBERT SCOTT JOHNSON.

STEPHEN F. SCHLATHER, Collins, Edmonds, Pogorzelski, Schlather & Tower PLLC, Houston, TX, argued for defendant–appellee. Also represented by JOHN J. EDMONDS, SHEA NEAL PALAVAN.

---

Before PROST, *Chief Judge,* DYK and O'MALLEY, *Circuit Judges.*

O'MALLEY*, Circuit Judge.*

Appellant Target Training International, Ltd. ("TTI") brought suit against Extended DISC North America, Inc. ("EDNA") alleging infringement of U.S. Patent No. 7,249,372 ("the '372 patent"). While the suit was pending, third-party Extended DISC International Oy Ltd. ("EDI") initiated an ex parte reexamination of all claims of the '372 patent. The district court litigation was stayed pending the resolution of the reexamination and the issuance of the reexamination certificate. The Patent Trial and Appeal Board ("Board") ultimately determined that claims 1-11 ("the original claims") of the '372 patent were invalid, but confirmed that thirty claims that were newly added during the reexamination—claims 12-41 ("the newly added claims")—were patentable, and this court affirmed that decision under Federal Circuit Rule 36. Following the issuance of a reexamination certificate, the district court granted EDNA's motion to dismiss the case as moot, despite the existence of the newly added claims. *Target Training Int'l, Ltd. v. Extended Disc North Am., Inc.*, No. 4:10-cv-03350, 2015 U.S. Dist. LEXIS 159526 (S.D. Tex. June 1, 2015). Because we agree with the district court that the newly added claims were not asserted in the district court litigation prior to dismissal, we affirm.

## BACKGROUND

TTI is engaged in the business of producing and providing individual employee assessments throughout the United States. It is the assignee of the '372 patent which issued on July 24, 2007. The patent relates to a method of distributing and displaying documents on a website, accepting responses to the documents on the website, processing the responses into a report for an

interested party, and delivering the report to one or more locations. '372 patent col. 2 ll. 24-28.

Defendant EDNA is a Texas-based company with its principal place of business in Texas. EDI, the defendant in the companion case to this appeal, No. 2015-1856, is a Finnish company with its principal place of business in Finland. EDI produces and provides personality reports through its "Extended DISC System." *See* TTI's Preliminary Infringement Contentions at 2, Ex. B to Defendant's Motion for Summary Judgment, *Target Training*, 2015 U.S. Dist. LEXIS 159526 (No. 4:10-cv-03350), ECF. No. 252-3. EDI had a franchise agreement with EDNA beginning in 1996 or 1997 under which EDNA, the franchisee, was given exclusive rights to distribute EDI's product in the United States and Canada.

On September 17, 2010, TTI filed a patent infringement claim against EDNA. On January 14, 2011, third-party EDI filed a request for ex parte reexamination of all of the original claims of the '372 patent. TTI provided Preliminary Infringement Contentions on February 18, 2011 alleging infringement of claims 1, 2, and 5-11. EDNA moved to stay the district court proceedings pending the outcome of the reexamination, but the court denied its motion. The PTO then initiated reexamination proceedings. The court denied three more motions to stay brought by EDNA, including one filed after the PTO issued an initial rejection of all claims and another after the PTO issued a final office action rejecting all claims on January 6, 2012.

In July 2011, TTI filed a second complaint, this time against EDI, after learning through discovery in the EDNA matter of EDI's ownership interest in, and exclusive franchise arrangement with, EDNA. On October 6, 2011, EDI filed two motions to dismiss, one for lack of personal jurisdiction and one for the plaintiff's failure to state a valid claim.

On March 26, 2012, the court in the EDI matter stayed its case pending resolution of the reexamination process. On July 25, 2012, the court in the EDNA matter finally stayed that case until the PTO concluded reexamination and a certificate of reexamination was issued. On September 28, 2012, the court supervising the EDNA case entered a subsequent order stating that the case was "administratively closed pending the issuance of the certificate of reexamination." Order Administratively Closing Case, *Target Training*, 2015 U.S. Dist. LEXIS 159526 (No. 4:10-cv-03350), ECF. No. 243.

During the stay, TTI appealed the PTO's determination of invalidity for anticipation to the Board, which affirmed on September 20, 2013. TTI then appealed to this court, and, after briefing and oral argument, we issued a Rule 36 summary affirmance. On January 12, 2015, the PTO issued a reexamination certificate cancelling claims 1-11, but issuing thirty new claims—claims 12 through 41—and confirming those claims as patentable.

The district court reopened the EDNA case on January 12, 2015. On January 22, 2015, EDNA moved for summary judgment of noninfringement and invalidity, and, alternatively, moved to dismiss the action as moot. A few days later, TTI filed a notice with the court informing it of the reexamination certificate, stating that thirty new claims were added during the reexamination, and requesting a scheduling conference to discuss setting any additional or modified deadlines in order to, *inter alia*, update discovery, contentions, and expert reports. The court never responded to this request.

TTI then moved to strike EDNA's motion for summary judgment, arguing that it was untimely under the original scheduling order. The court denied the motion to strike, reasoning that "the original scheduling order is no longer applicable, as . . . the case [was] stayed" and "there is not a scheduling order in place." Order Denying Motion

to Strike at 3, *Target Training*, 2015 U.S. Dist. LEXIS 159526 (No. 4:10-cv-03350), ECF. No. 262.  The court ordered TTI to provide a substantive response to the motion for summary judgment.  In that substantive response, TTI argued that the district court was required to analyze whether the new claims of the '372 patent were "substantively identical" to the cancelled claims before they could be dismissed.  EDNA replied, arguing that, because the new claims were not included in TTI's 3-1 Infringement Contention Disclosures, they should not be considered part of the current suit.  Rules of Practice for Patent Cases in the S.D. Tex. Rule 3-1, *at* http:// www.txs.uscourts.gov/page/district-local-rules-practice-patent-cases.

On June 1, 2015, the court granted EDNA's motion to dismiss the case as moot, and thus did not address the motion for summary judgment.  The court noted that the complaint was for infringement of the patent and, with the exception of claim 1, did not specify the particular claims infringed.  "[S]ince *none* of the new claims were even part of the patent when the complaint was filed, [however,] TTI obviously was not alleging that EDNA was infringing the new, narrower claims of the reexamined patent.  Moreover, the court agree[d] with EDNA's contention that the disclosure pursuant to [P.R. 3-1 bound] TTI to its preliminary infringement contentions [ ] unless TTI [sought] leave of court to amend its contentions." *Target Training*, 2015 U.S. Dist. LEXIS 159526, at *8.

The court acknowledged TTI's arguments that: (1) the new claims *could* be identical in scope to the original claims such that the case could continue under *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013), and (2) even if the new claims were substantively different in scope, the case could continue based on ongoing infringement after the issuance of the newly added claims.  *Target Training*, 2015 U.S. Dist. LEXIS 159526, at *9.  Nevertheless, on June 1, 2015, the court

relied on *Fresenius* to dismiss the case "because all of the claims TTI asserted were being infringed were canceled in the reexamination." *Id.* at *10-11. The court's order did not specify whether it was dismissing with or without prejudice.

EDNA thereafter filed a Bill of Costs in the amount of $34,047.72, which the court taxed to TTI. On appeal, TTI states that, "in the event TTI's appeal is successful, EDNA will no longer be the prevailing party, and this Court should reverse the taxing of costs." Appellant's Br. 16.

In parallel, the EDI companion case was reopened on January 23, 2015. The magistrate judge issued a recommendation that EDI's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction be granted. On June 4, 2015, Judge Gilmore adopted the magistrate judge's recommendation in its entirety and entered a final judgment of dismissal.

TTI timely appeals the court's order of dismissal and order taxing costs in the EDNA case. TTI also appeals the court's order of dismissal in the EDI case, the companion case on appeal. This opinion addresses only the EDNA case, but we are issuing our opinions in both cases concurrently. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

The jurisdictional doctrine of mootness derives from Article III section 2 of the U.S. Constitution, which limits a federal court's jurisdiction to live cases or controversies.[1] A justiciable controversy "must be definite and

---

[1] Courts often treat justiciability doctrines, including standing and mootness, as a subset of subject-matter jurisdiction. *See, e.g., Genesis HealthCare Corp. v.*

concrete, touching the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937). "A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot." *Id.* at 240 (citing *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920)). A moot case must, therefore, be dismissed. *In re Scruggs*, 392 F.3d 124, 128 (5th Cir. 2004). Moreover, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974).

We review a district court's dismissal for the jurisdictional question of mootness de novo. *Ford Motor Co. v. United States*, 688 F.3d 1319, 1323 (Fed. Cir. 2012) (citing *King Pharms., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1282 (Fed. Cir. 2010)). *See also Janssen Pharmaceutica, N.V. v. Apotex, Inc.*, 540 F.3d 1353, 1359 (Fed. Cir. 2008) (citing *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1335-36 (Fed. Cir. 2007)).

We first turn to the original claims, which were found anticipated and were cancelled as a result of the reexami-

---

*Symczyk*, 133 S. Ct. 1523, 1532 (2013) (holding that district court appropriately dismissed suit for lack of subject matter jurisdiction when the case was moot). Nevertheless, the concepts derive from different textual sources in the Constitution and are conceptually distinguishable. *See* Katherine Mims Crocker, *Justifying A Prudential Solution to the Williamson County Ripeness Puzzle*, 49 GA. L. REV. 163, 201, n.204 (2014) ("Justiciability can thus be thought of as a threshold concern with whether *courts in general* are equipped to resolve a dispute in the abstract, whereas subject-matter jurisdiction can be viewed as a logically subsequent inquiry into whether a *particular court* can actually do so.").

nation. *Fresenius* makes clear that "when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." 721 F.3d at 1340. With respect to the original cancelled claims of the '372 patent, therefore, we uphold the district court's finding that *Fresenius* rendered the suit moot to the extent those were the only claims asserted in the litigation.

We turn, next, to the fact that new claims were approved on reexamination. TTI argues that the fact that new claims were added and confirmed as patentable through the ex parte reexamination distinguishes this case from *Fresenius*. Where newly added claims are substantially identical to cancelled claims, TTI argues, the cancellation of the original claims "shall not affect any action then pending nor abate any cause of action then existing." 35 U.S.C. § 252. *See* 35 U.S.C. § 307(b). Thus, TTI continues, rather than dismiss the case as moot under *Fresenius*, the district court should have substantively compared the scope of the original and newly added claims, taking into consideration, *inter alia*, the specification, prior art references that occasioned the reexamination, and the prosecution history, to determine whether the newly added claims are "substantially identical" to the original claims. If found "substantially identical," then dismissal of the original cause of action would be inappropriate, as the original claims effectively would have survived reexamination. Indeed, *Fresenius* states that the reexamination statute preserves the patentee's "ability to enforce the patent's original claims to those claims that survive reexamination in 'identical' form." 721 F.3d at 1339.

TTI further asserts that, even if the court, having performed this analysis, determined that the newly added claims were *not* substantially identical, it still should have allowed the proceedings to continue because TTI could sue EDNA for any ongoing infringement of the

newly added claims.  *See Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998) (a patentee is entitled to damages for infringement for the period following the issuance of the substantively different claims from a reexamination).

TTI's characterization of *Fresenius* is not controversial.  The question before us, however, is whether it was appropriate for the district court to dismiss the case when TTI failed to amend its infringement contentions to assert infringement of any of the thirty newly added claims.  TTI argues that it was not; we disagree because the newly added claims were never actually asserted in the existing litigation.

The district court found that TTI never asserted or sought to assert the newly added claims.  Specifically, the district court found that (1) TTI "obviously" did not allege that EDNA infringed on the new claims at the time it filed its complaint because the newly added claims did not exist, and (2) "the disclosure pursuant to Rule 3-1 [ ] binds TTI to its preliminary infringement contentions."  *Target Training*, 2015 U.S. Dist. LEXIS 159526, at *9-10.  It is undisputed that TTI's preliminary infringement contentions only specified infringement of claims 1-2 and 5-11.  *See* TTI's Preliminary Infringement Contentions at 2, Ex. B to Defendant's Motion for Summary Judgment, *Target Training*, 2015 U.S. Dist. LEXIS 159526 (No. 4:10-cv-03350), ECF. No. 252-3.  And, TTI does not dispute that P.R. 3-1 requires, in relevant part, that TTI identify "each claim of each patent-in-suit that is allegedly infringed by an opposing party." Pursuant to P.R. 3-6 and 3-7, "good cause" must be shown in order to obtain leave to amend infringement contentions except in certain circumstances not alleged here.  TTI cites no authority for the proposition that *unasserted* patent claims must be considered by the district court prior to the dismissal of a case based on cancelled *asserted* claims.  We know of no authority that so states.

TTI's principal contention is that the district court erred in failing to permit TTI to amend its infringement contentions to assert the newly added claims. Appellant Br. 12; Appellant Reply Br. 8. TTI did not argue in its briefs that it had requested or moved for leave to amend its infringement contentions or that the court ever denied such a request or motion. Despite this, TTI's counsel initially contended at oral argument that TTI had sought leave to amend and that the court failed to act on its request, pointing to (1) TTI's request for a scheduling conference in order to set deadlines for, *inter alia*, updating contentions, and (2) a footnote in its substantive opposition to EDNA's summary judgment motion stating that, "TTI is prepared to provide amended Preliminary Infringement Contentions . . . pursuant to a new schedule." Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 2, n.1, *Target Training*, 2015 U.S. Dist. LEXIS 159526 (No. 4:10-cv-03350), ECF. No. 263.

When pressed on whether TTI actually requested leave to amend its infringement contentions to allege infringement of the newly added claims, however, the following exchange took place:

Q: Was there anything that prevented you from making a motion to amend the infringement contentions?

A: I would say your honor, just the fact that we were waiting on the court's response to our request for this conference to have a scheduling order in play.

Q: So there wasn't any order of the court that prevented you from making such a motion?

A: No. But the court didn't address the issue of additional contentions to say whether or not we had the right to amend them until the dismissal order, at which point, of course, the case was over.

Oral Argument at 09:49-10:20, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20 15-1873.mp3. TTI's counsel thus conceded that there was nothing preventing it from making a formal motion leave to amend its infringement contentions.[2]

In fact, although TTI stated that it refrained from making a request because it was waiting for the court's response to its request for a scheduling conference, it knew when the court denied its motion to strike EDNA's motion for summary judgment that there was "not a scheduling order in place." Order Denying Motion to Strike at 3, *Target Training*, 2015 U.S. Dist. LEXIS 159526 (No. 4:10-cv-03350), ECF. No. 262. If there was any confusion before, that denial should have been TTI's cue that it was permissible for it to move for leave to

---

[2] The closest TTI came to making a formal motion for leave to amend appears in the last paragraph of its motion to strike, where it closed with:

> TTI respectfully requests this Court to strike EDNA's Motion for Summary Judgment and reopen discovery in the case to allow the parties to take discovery and *amend its complaint and infringement contentions to reflect the newly added claims of the '372 Patent*. Alternatively, if this Court does not strike EDNA's Motion for Summary Judgment as untimely and not compliant with the Federal Rules, TTI requests an extension to provide a substantive opposition relating to the motion's merits.

TTI's Motion to Strike at 7, *Target Training*, 2015 U.S. Dist. LEXIS 159526 (No. 4:10-cv-03350), ECF. No. 257 (emphasis added). This request arguably was conditioned on the court granting TTI's motion to strike, however, which the court did not do.

amend its infringement contentions. Instead, TTI proceeded only to file its court-ordered substantive opposition to defendant's motion. A district court has no obligation to provide relief not sought. Because TTI failed to assert the newly added claims, despite opportunities to do so, the district court did not err by dismissing the case as moot.

We now address TTI's concern that affirming the dismissal of the proceedings would render illusory its statutory right to add new claims during reexamination under 35 U.S.C. § 305. Appellant Br. 15-16. TTI cites *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1353 (Fed. Cir. 2014) as potentially precluding it from asserting the newly added claims in a future action, despite the fact that EDNA has been on notice of TTI's intent to enforce the '372 patent for five years.

To be clear, the claim preclusion principles set forth in *Senju* would not bar a future suit on the facts of this case. TTI would be free to commence a new litigation asserting infringement of the newly added claims, and could even request the incorporation of discovery from the case that was dismissed so as not to waste judicial resources.

*Senju* rests on a specific set of facts not at issue here. *Senju* recognized that claim preclusion requires "(1) a final judgment on the merits in a prior suit involving[ ] (2) the same parties or their [privies]; and (3) a subsequent suit based on the same cause of action." *Senju*, 746 F.3d at 1348 (citing *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999)). *See also Senju*, 746 F.3d at 1348 ("[U]nder the doctrine of res judicata, a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action.") (quoting *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 326 (1955)). In *Senju*, the district court in the prior action had issued findings of fact and conclusions of law holding that the accused product infringed the claims, but also that the claims were invalid

as obvious.   746 F.3d at 1347.   Thus, "both parties agree[d] that Senju meets the first two of the three requirements for claim preclusion," but disagreed only with respect to the third requirement. *Id.* at 1348-49.

As a preliminary matter, the panel in *Senju* explicitly declined to opine on whether "a reexamination could ever result in the issuance of new patent claims that were so materially different from the original patent claims as to create a new cause of action." *Id.* at 1353. More importantly, by contrast to *Senju*, the district court here never reached a judgment on the merits. Instead, the court dismissed TTI's claims as moot, and a dismissal for mootness is a dismissal for lack of jurisdiction. A dismissal for lack of jurisdiction is not a dismissal on the merits. Rather, the Supreme Court has specifically rejected deciding the merits of a case where the court lacks jurisdiction because jurisdiction is a threshold question, and "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1869)). *See also Orff v. United States*, 358 F.3d 1137, 1149-50 (9th Cir. 2004) (citing, *inter alia*, *Cupey Bajo Nursing Home, Inc. v. United States*, 23 Cl. Ct. 406, 412 (1991) ("It is well settled that a question relating to subject matter jurisdiction goes to the very heart of our power to hear a controversy, and any decision on the merits rendered in the absence of such authority would, of course, be a nullity.")).

In addition, we have held that, in patent cases, res judicata does not apply to bar the assertion of new claims acquired during the pendency of a litigation that could have been, but were not, litigated or adjudicated in the action. *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1345 (Fed. Cir. 2012) ("While a party may seek to pursue claims that accrue during the pendency of a lawsuit adjudicated in that lawsuit, the party is not required to do so, and res judicata will not be applied to

such accruing claims if the party elects not to have them included in the action.") (citing *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1363 (Fed. Cir. 2010)).

Nothing in this opinion shall be construed as passing judgment on whether we believe a future action brought by TTI against EDNA and EDI for alleged infringement of the '372 patent ultimately would be successful on the merits. If that suit were brought, it would be up to the district court to assess whether the newly added claims are of the same substantive scope as the cancelled claims and to proceed from there. A finding that the new claims are not substantively identical in scope would result in the limitation of TTI's potential recovery only to infringement of the claims for the period following the issuance of the reexamination certificate, but it would not preclude those claims. *Laitram*, 163 F.3d at 1346.

## CONCLUSION

Because the district court did not err in dismissing the suit as moot in light of the cancellation of the only claims asserted in the case, we affirm.

**AFFIRMED**