**HANCOCK BANK, Plaintiff,**

v.

**Raymond J. JEFFERSON and June L. Jefferson, Defendants.**

**In the Matter of Raymond J. JEFFERSON and June L. Jefferson.**

Civ. A. No. S85–1035(NG).
Bankruptcy No. 84–07599 SC.

United States District Court,
S.D. Mississippi, S.D.

Oct. 31, 1986.

See also, Bkrtcy., 59 B.R. 707.

John M. Harral, Gulfport, Miss., for plaintiff.

C. Thomas Anderson, Ocean Springs, Miss., for trustee.

David P. Oliver, Gulfport, Miss., for defendants.

### MEMORANDUM OPINION

GEX, District Judge.

This matter is before the Court on an attempted[1] appeal, filed by the debtors, from an Order of the Bankruptcy Court which dismissed the debtors' counterclaim filed in response to Hancock Bank's Motion for Relief from Automatic Stay. The dis-

missal was entered "without prejudice to the Trustee, as the real party-in-interest, to evaluate the Debtors' claim, if any, and bring an adversary proceeding under the applicable Bankruptcy Rules, if in his judgment such action is appropriate."

For the reasons stated below, the Court is of the opinion that Hancock Bank's Motion to Dismiss Appeal should be granted and, alternatively, that the decision of the lower court was proper and should be affirmed.

The Court is mindful of the limitations placed upon its review of the lower court's factual and legal determinations. On an appeal from a bankruptcy court judgment, a district court must review the bankruptcy court's findings of fact by the clearly erroneous standard of review, even when the lower court's findings do not rest on credibility determinations but on physical or documentary evidence or inferences from other facts. Rule 8013 of the Rules of Bankruptcy Procedure; *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303 (5th Cir.1985). However, with regard to the conclusions of law adopted by the bankruptcy court, this Court is empowered to conduct a de novo review and thus independently determine the ultimate legality of the bankruptcy court's ruling. *Matter of Consolidated Bancshares, Inc.*, 785 F.2d 1249 (5th Cir.1986); *Matter of Bufkin Bros., Inc.*, 757 F.2d 1573 (5th Cir.1985).

The bankruptcy action in which the matter here under consideration originated is the fourth bankruptcy filing by the debtors within a period of nineteen months. The last filing was a Chapter 7 petition filed May 17, 1984. In that proceeding, on January 30, 1985, Hancock Bank filed a "Motion for Relief from Automatic Stay" to allow the Bank to foreclose on certain real property. *See* Rules 4001 and 9014 of the Rules of Bankruptcy Procedure. In response, the debtors filed, on February 20, 1985, an "Answer to Complaint and Counter Claim" seeking compensatory and punitive damages for the Bank's alleged fraud

---

1. Whether the jurisdictional prerequisites have been met in order for this Court to hear the instant appeal pursuant to 28 U.S.C. Section 158 is more fully discussed *infra*.

in procuring a deed of trust on property in which June Jefferson owns a one-third interest. On March 10, 1985, the bankruptcy judge entered an "Order Modifying Stay" which, among other things, sustained the Motion and thus modified the stay as to the debtors' residential property and as to a $10,000.00 Certificate of Deposit, but overruled and held "in abeyance its consideration of Hancock Bank's Motion and Debtors' Counterclaim as they pertain to the property in which Debtor June Jefferson owns a one-third interest pending final hearing on the Motion and the Debtors' Counterclaim."

On May 9, 1985, Hancock Bank filed a Motion to Dismiss based on its contentions that (1) the trustee was the only party with standing to assert the cause of action alleged in the Counterclaim and (2) under the Bankruptcy Code and Bankruptcy Rules the debtors' affirmative claim of fraud could only be brought in an adversary proceeding. The respective parties submitted memoranda in support of and in opposition to the Motion to Dismiss, and a hearing was conducted on May 30, 1985. The bankruptcy judge's Order granting the Motion was filed May 31, 1985.

■ The attorney for the debtors filed a purported Notice of Appeal on June 3, 1985, seeking review of the bankruptcy court's dismissal without prejudice. Hancock Bank has filed a Motion to Dismiss Appeal. The Court has duly considered the Motion and has determined that it does not have jurisdiction over the instant appeal as the debtors do not have standing to prosecute an appeal from the Order entered by the bankruptcy court.[2] As the bankruptcy judge correctly observed at the hearing "... once a Chapter 7 proceeding is filed, ... the assets and claims to assets ... pass to the Trustee. That the right to file such a counter-claim rests in the hands of the Trustee." (Record, p. 13).[3] The Trustee is thus the proper party in interest, and the only party with standing to appeal the bankruptcy court's Order. *See Skelton v. Clements,* 408 F.2d 353 (9th Cir.1969); *Fair v. Nationwide Mortgage Corp.,* 34 B.R. 981 (D.C.C.1983); 11 U.S.C. Sections 323 and 541; Rules 6009 and 8001 of the Rules of Bankruptcy Procedure. Absent the filing of a proper notice of appeal by a "person aggrieved," this Court lacks jurisdiction to entertain the instant appeal. *See Manda v. Sinclair,* 278 F.2d 629 (5th Cir. 1960); *In re Cooperativa Cafeteros de P.R.,* 37 B.R. 952 (D.P.R.1984); *In re Goodwin's Discount Furniture, Inc.,* 16 B.R. 885, 5 C.B.C.2d 1458 (1st Cir.B.A.P.1982).

■ Alternatively, even if the Court were to have jurisdiction over the instant appeal, the Court has determined that the bankruptcy court's Order dismissing the Counterclaim without prejudice was neither clearly erroneous nor contrary to law in holding that an adversary proceeding was the proper avenue for the Trustee to pursue the type of claim asserted in the Counterclaim, "if in his (the Trustee's) judgment such action is appropriate." The bankruptcy judge correctly observed at the hearing that "[t]he type or cause of action raised in a Counter-claim is an adversary proceeding type thing, of which this has been improperly filed ...", and that "[i]n this particular situation it is not a counter-claim anymore, it could be an original action under adversary complaint and that duty and responsibility if it is perceived by the Trustee to be a cause of action which he sees as necessary to pursue would·be by the Trustee, not by the Debtors." (Record, pp. 7 and 13); Rule 7001 of the Rules of Bankruptcy Procedure. Bankruptcy practice under the

**2.** An additional ground which supports the Court's finding of lack of jurisdiction rests in the fact that under 28 U.S.C. Section 158(a), a federal district court has discretionary appellate jurisdiction over interlocutory bankruptcy court orders. *In re Delta Services Industries,* 782 F.2d 1267 (5th Cir.1986); *In re County Management, Inc.,* 788 F.2d 311 (5th Cir.1986). ·The Court hereby declines to entertain such jurisdiction here.

**3.** Whether the Trustee fully consented to the initial filing of the Counterclaim is indeed open to question for, although the Trustee's signature appears beneath that of the debtors' attorney at the bottom of that pleading the Trustee stated at the hearing that when the debtors' attorney "asked me to join in the Complaint against the Hancock Bank I refused ... I did not support the counterclaim." (Record, pp. 11–12).

Code and Rules makes a clear distinction between motion practice and adversary proceedings, and the Court is of the opinion that the bankruptcy judge was fully justified in dismissing the Counterclaim without prejudice to the Trustee's right to institute the latter should he, in his discretion, elect to do so.

In sum, the Court holds that Hancock Bank's Motion to Dismiss Appeal is well taken and should be granted. Alternatively, the Court holds that the bankruptcy court's dismissal of the Counterclaim without prejudice is neither clearly erroneous nor contrary to law. An Order consistent with findings in this Opinion will be entered by the Court.