**In re Carolyn R. BLAND.**

**Bankruptcy No. 94–50032S.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

March 17, 1994.

Andree Roaf, Little Rock, AR, for debtor.

Joseph Strode, Pine Bluff, AR, for credit union.

A.L. Tenney, trustee.

### ORDER STRIKING COUNTER–COMPLAINT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a *sua sponte* review of the file. On February 1, 1994, the Pine Bluff Arsenal Federal Credit Union filed a motion for relief from stay, to which the debtor filed, on March 8, 1994, a response and, contained in the same document, a "Counter–Complaint for the Return of Property to the Debtor's Estate." The Pine Bluff Arsenal Federal Credit Union

filed a response to the "counter-complaint" on March 11, 1994.[1]

The matters raised in the counter-claim are properly raised in an adversary proceeding, but are improperly filed within the context of the motion for relief from stay. *See Hancock Bank v. Jefferson,* 73 B.R. 183, 185 (S.D.Miss.1986); *National Westminster Bank, U.S.A. v. Ross,* 130 B.R. 656, 670 (S.D.N.Y.1991). Accordingly, the portion of the pleading setting forth a counter-claim will be stricken from the response, *see* Fed. R.Bankr.Proc. 7012, without prejudice to the debtor filing a proper adversary proceeding.

**ORDERED** that the "Counter–Complaint for the Return of Property to the Debtor's Estate," contained within the Response to Motion for Relief From Stay," filed on March 8, 1994, is hereby stricken from the Response.

IT IS SO ORDERED.

---

1. This Court has addressed issues similar to those raised by the parties in *In re Washington,* 137 B.R. 748 (Bankr.E.D.Ark.1992).