# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2021

Lyle W. Cayce
Clerk

No. 20-60718

IN THE MATTER OF: COMMUNITY HOME FINANCIAL SERVICES, INCORPORATED,

*Debtor*,

EDWARDS FAMILY PARTNERSHIP, L.P.; BEHER HOLDINGS TRUST,

*Appellees*,

*versus*

KRISTINA M. JOHNSON, *Trustee for Community Home Financial Services, Incorporated*,

*Appellants*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-158

Before ELROD, WILLETT, and ENGELHARDT, *Circuit Judges*.

JENNIFER WALKER ELROD, *Circuit Judge*:

The bankruptcy court awarded fees to the bankruptcy debtor's counsel for work performed prior to the appointment of a trustee. Creditors

No. 20-60718

appealed the fee award to the district court.  After a two-and-a-half-year delay, the district court vacated the fee award.  Because the district court improperly assessed the benefit of counsel's services to the estate from hindsight, rather than assessing the reasonableness and likely benefit from the time the services were rendered, we REVERSE the district court's judgment and REMAND.

I.

This dispute arises from the bankruptcy proceedings for Community Home Financial Services, Inc. (CHFS), which is not a party to this appeal. Heavily indebted to the appellants—Edwards Family Partnership, Inc. and Beher Holdings Trust—and others, CHFS entered Chapter 11 bankruptcy to restructure its debts in May of 2012.  *In re Cmty. Home Fin. Servs.*, No. 12-1703, 2015 WL 8113699, at *2–3 (Bankr. S.D. Miss. Dec. 7, 2015).[1]

Throughout the bankruptcy, the two largest creditors were the appellants, Edwards Family and Beher.[2]  CHFS remained the debtor in possession, and CHFS's president acted as its designated representative.  *Id.* at *2.  With the approval of the bankruptcy court, Derek A. Henderson and Wells Marble & Hurst, PLLC represented CHFS.  *Id.*; *see* 11 U.S.C. § 327.

---

[1] The parties have made it difficult to construct an accurate factual and procedural history by omitting record citations, including incorrect record citations, and making slightly incorrect factual assertions.  We remind counsel of their duty to support "[e]very assertion in briefs regarding matter in the record . . . by a reference to the page number of the original record."  5th Cir. R. 28.2.2; *see also* Fed. R. App. P. 28(a)(6), (b).

[2] The bankruptcy court's opinion notes that the two entities tried to characterize themselves as a single entity called the "Edwards Entities."  "The advantage of this tactic is the suggestion that there is only a single creditor in the Bankruptcy Case."  But Edwards Family and Beher are, in fact, distinct, with the former being "a limited partnership formed under the laws of Delaware" and the latter being a "trust formed under Bermuda law."

As counsel for CHFS, Henderson and Wells Marble initiated a series of adversary proceedings against Edwards Family and Beher between August 2012 and November 2013 challenging the priority of certain claims. Meanwhile, Henderson and Wells Marble proposed a reorganization plan on January 29, 2013. 2015 WL 8113699, at *9.

Both Edwards Family and Beher objected to the plan and moved to appoint a trustee and to convert the bankruptcy to a Chapter 7 case. *Id.* The bankruptcy court held confirmation of the proposed reorganization plan in abeyance. *Id.* As a result, Henderson and Wells Marble responded to these motions as they continued to pursue the adversary proceedings. *Id.* Wells Marble withdrew as counsel for CHFS on November 13, 2013.

As the bankruptcy case proceeded, CHFS's president transferred "all but approximately $7,500.00 from" CHFS's account—over $9 million in cash—to a Panamanian account. *In re Cmty. Home Fin. Servs.*, 571 B.R. 714, 718 (Bankr. S.D. Miss. 2017). CHFS's president then fled the country and "set up a 'rogue' operation of CHFS's business" out of new branch offices in Panama and Costa Rica. *Id.*

On December 20, 2013, Henderson filed a disclosure informing the bankruptcy court that CHFS's president had transferred those funds and moved CHFS's principal place of business from Jackson, Mississippi to Panama. *Id.* Three days after the disclosure, the bankruptcy court appointed an emergency trustee, and then it appointed Kristina Johnson as Trustee on January 21, 2014. *Id.* at 719. Henderson withdrew as counsel on March 6, 2014.

Both Henderson and Wells Marble sought fees for the services they performed in connection with the adversary proceedings before Johnson was appointed as Trustee. Wells Marble sought fees for its services from May 1, 2013 through October 31, 2013, approximately two weeks before Wells

Marble withdrew as counsel. Henderson sought fees for his services from September 2, 2013 through December 28, 2013, approximately three weeks before Johnson was appointed as Trustee.

The bankruptcy court awarded fees to both Henderson and Wells Marble in December 2015 and January 2016. Edwards Family and Beher timely appealed the awards. In September of 2017, the district court affirmed in part but remanded for further findings of fact regarding the fees awarded for "commencing and then litigating certain Adversary Proceedings in the bankruptcy matter."

On February 27, 2018, the bankruptcy court once again awarded fees to Henderson and Wells Marble in connection with the adversary proceedings. The bankruptcy court concluded that those services "were necessary to the administration of the bankruptcy case and reasonably likely to benefit the bankruptcy estate." The bankruptcy court emphasized that the adversary proceedings were necessary "to create a clear path for an exit strategy in the Bankruptcy Case" and to "reduc[e] and reclassif[y]" certain claims."

Edwards Family and Beher filed a notice of appeal to the district court on March 13, 2018.[3] On August 5, 2020, the district court vacated the fee award. In the district court's view, Henderson and Wells Marble's decision to pursue adversary proceedings "was not a good gamble."

---

[3] Consolidated appeals of the bankruptcy court's rulings on the merits of the adversary proceedings were also pending in the district court. In response to a petition for writ of mandamus, we advised the district court to rule on those consolidated appeals within 60 days. *In re Johnson, Trustee for Cmty. Home Fin. Servs. Corp.*, 814 F. App'x 881 (5th Cir. 2020). The district court's ruling on the fee award at issue in this case came two days after our order on the petition for writ of mandamus.

Henderson, Wells Marble, and the Trustee appealed, arguing that the district court improperly evaluated the benefit of the adversary proceedings retrospectively.  Edwards Family and Beher moved to dismiss the Trustee for lack of standing.  We carried that motion with the case.

Henderson and Wells Marble then settled their fee dispute with Edwards Family and Beher, and those parties jointly moved to dismiss Henderson and Wells Marble from the appeal on October 13, 2020.  We granted that motion on October 14, 2020.  The only remaining appellant is the Trustee.

With the Henderson and Wells Marble fee disputes settled, Edwards Family and Beher moved to dismiss the appeal as moot.  The Trustee opposed the motion.  In the Trustee's view, the case remains live because the Trustee has an ongoing duty throughout the pendency of a bankruptcy proceeding to represent the interests of the bankruptcy estate in the award of fees.  In the alternative, the Trustee moved to vacate the district court's judgment if we should dismiss this appeal as moot.  We carried those motions with the case.

## II.

In reviewing a district court's ruling on a bankruptcy court's fee award, we review the bankruptcy court's decision using the same standard of review as the district court.  *Okla. State Treasurer v. Linn Operating, Inc. (In re Linn Energy, L.L.C.)*, 927 F.3d 862, 866 (5th Cir. 2019).  "We therefore review the bankruptcy court's award of attorneys' fees for abuse of discretion."  *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005).  "[A]s a second review court," we review "the bankruptcy court's conclusions of law de novo and its findings of fact for clear error."  927 F.3d at 866 (quoting *Viegelahn v. Lopez (In re Lopez)*, 897 F.3d 663, 668 (5th Cir. 2018)).

No. 20-60718

III.

Edwards Family and Beher contend that their settlement with Henderson and Wells Marble mooted this appeal.  The Trustee, however, asserts that the case remains live notwithstanding the settlement.  For the reasons stated herein, we agree with the Trustee.

"Article III's 'case or controversy' requirement permits federal courts to adjudicate only live disputes—a party must retain a 'legally cognizable interest in the outcome' of an issue, or its resolution is moot." *Hinkley v. Envoy Air*, Inc., 968 F.3d 544, 548 (5th Cir. 2020) (quoting *Campanioni v. Barr*, 962 F.2d 461, 464 (5th Cir. 1992)).  "A controversy becomes moot where, as a result of intervening circumstances, there are no longer adverse parties with sufficient legal interest to maintain the litigation."  *Scruggs v. Lowman (In re Scruggs)*, 392 F.3d 124, 128 (5th Cir. 2004) (quoting *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993)).

In the view of Edwards Family and Beher, there is no longer any party with sufficient legal interest in this case because the Trustee did not have a legal interest to begin with:

> The dispute regarding the fee awards has now been fully resolved by compromise between the only parties with a legally cognizable interest in the dispute: Henderson and Wells Marble on one side (the parties who applied for fees), and the Edwards Entities on the other (the creditors who objected to the fees). . . . The Trustee has filed a principal brief on the merits, but the Trustee always lacked a direct interest in the judgment, and the underlying dispute is now moot.

Thus, Edwards Family and Beher effectively collapse the mootness question with the question of the Trustee's standing.  Edwards Family and Beher, however, have an incorrect understanding of trustee standing.

6

Edwards Family and Beher point to the test for standing for interested parties in a bankruptcy: "a bankruptcy appellant must . . . show that he was 'directly and adversely affected pecuniarily by the order of the bankruptcy court.'" *Furlough v. Cage (In re Technicool Sys., Inc.)*, 896 F.3d 382, 385 (5th Cir. 2018) (quoting *Fortune Nat. Res. Corp. v. U.S. Dep't of Interior*, 806 F.3d 363, 365 (5th Cir. 2015)).  A bankruptcy trustee, however, is distinct from all other bankruptcy parties because the trustee is responsible for the administration of the bankruptcy estate.

The Fourth Circuit has noted that trustees can never establish that they were pecuniarily affected by a bankruptcy order because trustees "never have pecuniary interests in cases."  *U.S. Trustee for the W. Dist. of Va. (In re Clark)*, 927 F.2d 793, 795 (4th Cir. 1991) (involving a United States trustee); *see also Richman v. First Woman's Bank (In re Richman)*, 104 F.3d 654, 657 (4th Cir. 1997) (determining that the bankruptcy trustee had standing as "the representative of the bankrupt's estate").  Trustee standing does not arise from the trustee's pecuniary interest, but rather from the trustee's "official duty to enforce the bankruptcy law in the public interest."  *In re Clark*, 927 F.2d at 796 (citing *Sec. & Exch. Comm'n v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 460 (1940)).

The First, Sixth, and Ninth Circuits have also recognized the inadequacy of a pecuniary-interest test for trustee standing.  *See In re Plaza de Diego Shopping Ctr., Inc.*, 911 F.2d 820, 824 (1st Cir. 1990) (citing *Morgenstern v. Revco D.S., Inc. (In re Revco)*, 898 F.2d 498, 499 (6th Cir. 1990)) (determining that the United States trustee had standing without a pecuniary interest); *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994) (quoting *Hancock Bank v. Jefferson*, 73 B.R. 183, 185 (Bankr. S.D. Miss. 1986)) ("Once appointed a trustee, the debtor's assets and claims pass to the trustee, making the trustee 'the proper party in interest . . . .'").

No. 20-60718

Our own cases have implicitly recognized that trustee standing does not depend on a pecuniary interest. For example, we have previously held, in a Chapter 7 case, that "[i]n the bankruptcy context, the bankruptcy trustee is the real party in interest with respect to claims falling within the bankruptcy estate." *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 362 (5th Cir. 2014). A trustee's standing comes from the trustee's duties to administer the bankruptcy estate, not from any pecuniary interest in the bankruptcy. *See id.*

In light of the explicit statements from our sister circuits and the implicit guidance from our own caselaw, we hold that the Trustee in this case has standing and this case is not moot because the payment of fees to Henderson and Wells Marble directly affects the administration of the bankruptcy estate. Even though Henderson and Wells Marble have settled their fee dispute with Edwards Family and Beher, the Trustee remains tasked with ensuring that only proper payments are made from the bankruptcy estate. It is immaterial whether the Trustee or Edwards Family and Beher will ultimately prevail on this appeal. *See Texas v. United States*, 945 F.3d 355, 383 (5th Cir. 2019) ("[C]ourts cannot fuse the standing inquiry into the merits."). Rather, the district court order presents an issue of the administration of the estate, meaning the Trustee has a "sufficient legal interest to maintain the litigation," such that this appeal is not moot. *In re Scruggs*, 392 F.3d at 12.

## IV.

In *In re Woerner*, we held that "if a fee applicant establishes that its services were 'necessary to the administration' of a bankruptcy case or 'reasonably likely to benefit' the bankruptcy estate 'at the time at which [they] were] rendered,' then the services are compensable." *Barron & Newburger, P.C. v. Texas Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 276 (5th Cir. 2015)

8

No. 20-60718

(internal citation omitted) (quoting 11 U.S.C. § 330(a)(3)(C), (4)(A)).  In awarding fees, hindsight is irrelevant; retrospect is irrelevant; "material benefit to the bankruptcy estate" is irrelevant. *Id.* at 273–74.  "What matters is that, prospectively, the choice to pursue a course of action was reasonable." *Id.* at 274.

Despite clear Fifth Circuit law that the services must be reasonable at the time they were rendered, the district court vacated the fee awards to Henderson and Wells Marble for their services related to the adversary proceedings.  The district court determined that the decision to pursue adversary proceedings "was an expensive course of action from the outset. . . . [I]t would have been more cost-effective, faster, and better for the estate to pay off the few unsecured creditors rather than hire professionals to litigate Adversary Proceedings quibbling about their priority."  "This was not a good gamble."

The district court was wrong to vacate the bankruptcy court award based on its own retrospective assessment of the propriety of the adversary proceedings without giving the "the deference that is the hallmark of abuse-of-discretion review." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997).  The district court should have looked at the reasonableness of pursuing the adversary proceedings from the time Henderson and Wells Marble provided their services. *See, e.g.*, *In re Raygoza*, 556 B.R. 813, 824 (Bankr. S.D. Tex. 2016); 1 Bankruptcy Law Manual § 4:38 n.10 (5th ed. 2020).  Viewed prospectively, pursuit of the adversary proceedings was "necessary to the administration of the case" to resolve otherwise unsettled disputes about the priority of claims. *See* 11 U.S.C. § 330(a)(1)(A), (a)(3), (a)(4)(A)(ii).

\*          \*          \*

We REVERSE the judgment of the district court and REMAND for the district court to reinstate the bankruptcy court's fee award.  Accordingly,

No. 20-60718

the appellees' motion to dismiss the Trustee from the appeal for lack of standing is DENIED, and the appellees' motion to dismiss the appeal as moot is DENIED.   The appellant's alternative motion to vacate the judgment of the district court is DENIED AS MOOT.